Justice THOMAS, concurring.
I join the opinion of the Court because it correctly applies our precedent requiring a "categorical approach" to the enumerated-offenses clause of the Armed Career Criminal Act (ACCA). I write separately to question this approach altogether.
This case demonstrates the absurdity of applying the categorical approach to the enumerated-offenses clause. The categorical approach relies on a comparison of the crime of conviction and a judicially created ideal of burglary. But this ideal is starkly different from the reality of petitioner's actual crime: Petitioner attempted to climb through an apartment window to attack his ex-girlfriend.
More importantly, there are strong reasons to suspect that the categorical approach described in Taylor v. United States , 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), is not compelled by ACCA's text but was rather a misguided attempt to avoid Sixth Amendment problems. See Sessions v. Dimaya , 584 U.S. ----, ---- - ----, 138 S.Ct. 1204, 1252-1254, 200 L.Ed.2d 549 (2018) (THOMAS, J., dissenting). Under our precedent, any state burglary statute with a broader definition than the one adopted in Taylor is categorically excluded simply because other conduct might be swept in at the margins. It is far from obvious that this is the best reading of the statute. A jury could readily determine whether a particular conviction satisfied the federal definition of burglary or instead fell outside that definition. See Ovalles v. United States , 905 F. 3d 1231, 1258-1260 (C.A.11 2018) (W. Pryor, J., concurring). Moreover, allowing a jury to do so would end the unconstitutional judicial factfinding that occurs when applying the categorical approach. See, e.g., Dimaya , supra, at ---- - ----, 138 S.Ct. at 1253-1254 (opinion of THOMAS, J.);
*1881 Mathis v. United States , 579 U.S. ----, ----, 136 S.Ct. 2243, 2259, 195 L.Ed.2d 604 (2016) (THOMAS, J., concurring); Descamps v. United States , 570 U.S. 254, 280, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) (THOMAS, J., concurring in judgment); James v. United States , 550 U.S. 192, 231-232, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (THOMAS, J., dissenting); Shepard v. United States , 544 U.S. 13, 26-28, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (THOMAS, J., concurring in part and concurring in judgment).
Of course, addressing this issue would not help petitioner: He has not preserved a Sixth Amendment challenge. Moreover, any reasonable jury reviewing the record here would have concluded that petitioner was convicted of burglary, so any error was harmless.
* * *
Because the categorical approach employed today is difficult to apply and can yield dramatically different sentences depending on where a burglary occurred, the Court should consider whether its approach is actually required in the first place for ACCA's enumerated-offenses clause. With these observations, I join the opinion of the Court.